This case for argument is Young v. Stephens. Your Honors, Craig Pankratz on behalf of the appellant Michael Young. I'll attempt to reserve three minutes for rebuttal. Your Honorable Judges, may it please the Court. This is an arbitrary jury trial. The parties presented two very different accounts of what happened after Officers Derek Stephens and Officer Christopher Brown executed an arrest warrant on my client Michael Young. Michael and his grandmother testified that Officer Stephens slammed Mike into a car, wrenched his arms up behind his back, kicked his knee to the side and forcibly shoved him into the police officer's SUV. Officer Stephens and Officer Brown testified that they treated Mr. Young respectfully and gently. The problem is that it was impossible for the jury to believe my client. The reason for this is that the district court allowed them to learn that Mike had been convicted of two felonies that had taken place over 20 years before trial. Allowing the jury to learn about... But did you all, you filed a motion in limine on those felonies. Correct. And if this were a criminal case, I think the law is fairly clearly established that they could introduce some aspect of that felony background and not others. But this is not a criminal case, it's a civil case. So what authority did you cite to the district court and what authority do you cite to us as your best cases for the proposition that in civil cases such as this, that evidence is not admissible? So in the motion in limine, prior counsel cited to two rules of evidence. Expressly referred to Rule 609B, the rule excluding stale felony convictions older than 10 years. He also referred to 403 in the analysis as it related to 609B at least initially in that motion in limine. Then when oral argument was held, the conversation focused on the unfair prejudice that the felony convictions would have on my client during trial. So really even though it wasn't discussed as Rule 403, it was discussed as unfair prejudice and therefore it was discussed in the context of Rule 403. There's really no case that's directly on point discussing whether or not these felony convictions are admissible or not. We're relying on those two rules of evidence, Rule 609B and also Rule 403. Well part of what we have to discern here is whether you've actually preserved an argument under Rule 401 or 403. Yes, absolutely. And certainly trial counsel was not as artful as I would have liked to have been in preserving that issue. Because it really looks when you read the motion, which isn't a very lengthy document, that counsel was relying on Rule 609 and saying, and if you get into that, your honor, here's an analysis that might help you in addressing that rule. Absolutely. But if we look at the rationale for the preservation rule, the rationale is that we need to give the district court judge an opportunity to correct the error before we go up on appeal and raise that. What we have here is a situation where Michael's attorney did just that. Yes, it was brought up in the context of Rule 609B, but the conversation, again during the hearing, was on the unfair prejudice. And if we were to go into the context of a trial, say no motion of limiting was filed, and during trial, Officers Stevens and Officer Brown attempted to discuss these felony convictions. Had Michael's attorney stood and said, objection, your honor, Rule 403, or objection, your honor, unfair prejudice, even without any discussion, generally that preserves the issue for appellate review. He did much more than this within the context of the motion limiting. Like I said, it's not the most artfully written motion limiting. Well, as you just described, it sounds like he needed to reassert the argument when the evidence came in. Is that what you're saying? Under old precedent, yes, that would have been the case. But he doesn't need to now. No, and the reason for that is under Rule 103, in the year 2000, it was amended to preserve issues that are definitively ruled on prior to trial. That objection does not need to be reasserted. And the court's order in this case was very definitive. Yeah, the court said, okay, you can refer to these felonies, but that's all I want you to do. I don't want you to get into what they were based upon, the detail of the charges. Correct. He said that the two felony convictions come in, but without details. And that was to provide the jury context. Why were these officers dealing with your client? That's what he was thinking, I guess. Yes, that was the proffered reason by defense counsel, that this was to provide context. And when the evidence came in, was it offered in a more broad way? So the way it was offered was to provide context initially, but the way it was used, and I'm not saying this pejoratively or that this was intentional, but the way it was used, it was used repeatedly discussing Mike as a felon. And what that did is that that created this stigma that we're very well aware of. That once someone has been labeled as a felon, the likelihood that the jury is going to be ruling in their favor decreases substantially. That's a whole new argument you're making on appeal about the use of the word felon and how many times it was used and in what context. That wasn't in your motion or anywhere during trial. Certainly no objection on that basis. So you're correct in that the discussion of felony warrant, felony stop, there were no objections to that. And I'm not saying that that was error. What I am saying is that allowing evidence of those two felonies to come in, that was the error. And then once we have those... But you also brought them in. That's another argument that we've got the appellee making here is that even if you get past the preservation issue, that you were the first to introduce them in your opening statement. And that's actually not the case, Your Honor. Based on the record, what we have is that the district court actually introduced those two felony convictions to the veneer panel. In his statement to the N-4 Dyer said that Mike had been convicted of two felonies. Now there was a document that was included in the appellee's supplemental appendix. I honestly don't know where that's from. It doesn't have the district court stamp on it. I don't believe it's part of the record and I don't believe it can be considered. Now that said, even if you were to consider it, it does appear to be the submission to the court of a pretrial statement of some kind. And there's... Presumably these would be statements that the court used or some combination of the statements to prepare its own statement that it gave to the jury. Yes, of some kind. Again, I don't have what the defendants had submitted. I don't have what my client submitted and the record doesn't have those documents either. But what we have is, number one, there's no precedent to support the proposition that in a pretrial statement to the court, which presumably is there to assist the court in making a statement to the jury in simply addressing the issues that had already been resolved and what's expected to happen. The other thing is that's not actually the statement that was used by the court. If we were to compare the two documents, the one that was submitted in the appellee's supplemental brief and also what was actually read to the jury, they're not the same. So there's no reference to felon or felony? The one that you think the court could have relied on and could have read did not have a reference to your client as a felon? It did. Yes, it stated that he had two felony convictions. What's the relevance? Did you ask to approach the bench? Did you object to what the court was saying? No. Is this a usual practice? I'm just curious. It's very odd to me. It is very odd. And I can't read the mind of trial counsel. I mean, that's rough when you've got the district court saying, here's the deal, folks, and they're going to listen to the judge more than anyone else ever. Yeah, and I agree. They heard that from the outset, that Mike is a felon. And that was just hammered home frequently and repeatedly, that Mike is a felon. Mike is a felon. In fact, I think it was 22 times that he was either referred to as a felon or occasionally that he had spent time in prison. The fact that he spent time in prison with him? Yes. Who brought that up? I think Mike might have addressed it, but I think it was also adduced during the defendant's case. I'm not certain, but I do know that Mike at one point did talk about spending time in prison. I don't remember if it was on cross-examination or if it was during direct. So again, getting back to my client's case, again, this case turned on credibility. And the reason for that is this is not a typical excessive force case. Typically in an excessive force case, police officers admit to using force of some kind and then argue that that force was reasonable in light of the excessive force factors. Here we have two completely different stories once the contact is made, once that physical contact is made. And really, when it comes down to it, those excessive force factors, while certainly relevant and must be considered, there can only be two outcomes. If the jury believed my client, then there was excessive force. If the jury believed the police officers, there was not. And the reason for that is that it was uncontested that Mike did not pose a danger, that he didn't resist, that he was not attempting to flee. In fact, the testimony and the evidence of the police officers was that as Officer Stevens approached him, Mike turned his back with his hands behind his back in a surrender position. And those are the words that were used by the police officers, Mike was in a surrender position. And so from that point, the only thing that really can be done lawfully under the Constitution is that he can be handcuffed and exported to the police vehicle. That's what the officers testified happened. That is not what Mike and his grandmother testified happened. All of this is beyond the issue we have before us. I mean, we have one issue, and that's your 609 issue, right? No. No? No, the issue before the court is Rule 403 and 609. And really, they play together. And that's also what makes his trial counsel's motion, like I said, although inartful, it is actually a correct analysis. We are considering Rule 609, and we are considering Rule 403. The reason for that is once we get into the context that this was a contest of credibility, we then look at what the, under 409, we look at what the facts in question, the material facts are of this case. There are actually two material facts that were before the jury. One was Mike's credibility, always a material fact. The other one was whether or not Mike was dangerous. Because if anything, his felony convictions were relevant to perhaps that first excessive force factor. But the purpose of that is to assess whether or not Mike was dangerous, whether or not a reasonable officer would find that. But as I discussed in the brief, under Rule 609, his convictions are too stale to be considered for credibility. As far as dangerousness... Well, why were they introduced? Were they introduced for impeachment purposes? No, they were introduced solely for the purpose of why the police officers had a warrant. Context, okay. Context. And that's the problem. And when they were introduced, was the age of those convictions stated to the jury? No. So the jury was just left with this understanding that Mike was a felon. Whoa, really? That's correct. And I agree, in my opinion, trial counsel should not have handled it that way. But that's the way it was handled. But felony convictions were before the court. Excuse me, the felony convictions were not relevant... The felony convictions were there because the court ruled they were admissible. Yes. For limited purposes. Correct. And your claim is that the court erred in that ruling, in limine hearing. Yes. And that's the issue. That is the issue. All right. That's what I understood the issue was until we got into the technicality of the rules. Yes. Were you reserving time? I'm going to reserve the last question for Rob. Thank you. Thank you. May it please the court. My name is Eric Zaporin. I am here on behalf of the Apalis, Derek Stevens and Christopher Brown, who are both police officers with the Lublin Police Department. I'd like to start off by focusing in on what we really are here today for, is the ruling on the motion in limine before trial that was solely focused on Rule 609B. That is the only issue that is before this court and the only issue that's been adequately preserved. Well, that's pretty well enough, isn't it? The question is whether the evidence so prejudiced the plaintiff that there was no use even bothering to try the case. Ladies and gentlemen of the jury, you have here a felon. Instead of ladies and gentlemen of the jury, you're here to determine whether in purporting to arrest this gentleman, the police used excessive force. That's what the trial should have been about, correct? Yeah, but the whole basis for the arrest in the first place, Your Honor, was... The court could have well told the jury, ladies and gentlemen of the jury, you shall not go into the question of why he was arrested. That is not before you and you need not consider that. And any evidence on that point is not admissible. Thank you. Now let's try this case. But what I think... But he didn't do that. Instead, he poisoned the mind of the jury in such a way... Now, let's read Rule 609, please. If you have Rule 609, could you read it to us? I have. I can tell you generally what it is, Your Honor. I'm certain that, prepared and reading it, I don't have... Evidence of a conviction over 10 years old is inadmissible unless its probative value, supported by facts and circumstances, substantially outweigh its prejudicial effect. And it just... One potential view of this case is that on the very face of Rule 609, that the probative value is not outweighed by its prejudicial effect, but to the contrary, the prejudicial effect is so pervasive that its probative value is not outweighed by this potential prejudicial effect, particularly when the district court, the trial court, could have very easily handled this matter instead of injecting this issue of felony convictions. And now we're going into the fact that he's been in prison. And once that door is opened, it doesn't take much to walk in and pretty well muck a jury trial very easily. Experienced lawyers will... Thank you, Judge, for that wonderful ruling. Now let's try this case. If I can provide some corrections to some of the statements made earlier in terms of the procedure that got us to where we are. There was, pursuant to the district court's procedures, jury instructions and a statement of the case had to be presented to the court in advance of trial. That would have been following the ruling on the motion in limine. Right. Once the motion in limine had been ruled upon, plaintiff's counsel had no alternative but to try to strategically spin the facts in the light most favorable to his client. And it's just like good trial lawyers know you always start by trying to present the bad evidence yourself instead of having somebody say, oh, they've been hiding it all along and spring it on you as a defense tactic. I understand that, Your Honor, and I can address that issue because the Tenth Circuit case law would say... But my point is you can't blame plaintiff's counsel for trying to deal with a bad ruling or potentially, under their view of the case, a bad ruling by having to counter or deal with those facts themselves. United States v. Zubia Torres, which is a Tenth Circuit case from 2008, would suggest that a plaintiff cannot avoid the consequences of its own trial tactics by arguing that it was forced to present evidence that was excluded by way of a motion in limine. So I certainly understand that tactically it made sense, Your Honor, but it doesn't necessarily result in an adequate preservation of the issue for appeal or it doesn't allow for an explanation as to why they should have refrained from using this evidence or objected to it again when it was used. The statement of the case that was presented, that was required to be presented and filed via email with the district court included a specific reference to these felony convictions. Look, I don't want to argue the plaintiff's case for them, but did they file a motion in limine asking that the evidence of the prior felony convictions not be allowed into evidence? Yes, they did, Your Honor. And did you object to that? Yes, we did, Your Honor. All right. And the thin reed upon which your objection lay was on the fact that you needed it for context. Oh, that evil little word, context, it comes in all the time. And Judge Maitch basically said, sure, we're going to let it in for context. And once that ruling was made, it's in. Is there any question about that? I didn't think anybody objected to the fact that it was relevant to show context. I don't think the plaintiff objected to that. There was no objection at all on relevance. Just to clarify. Yeah, there was no objection. Well, to clarify, wasn't the motion in limine filed on that point? That and other points, Your Honor. Doesn't that constitute objection? I always understood that the word in limine meant that you were in advance of the trial telling the trial court that you objected to the introduction of the evidence and you were asking the trial court in advance of the trial to rule it out. I also understood that under the present state of the law, you needed not object any further beyond that the motion in limine stood as the objection. Is that wrong? Am I wrong? I would argue that certain issues being raised on appeal were not accurately preserved given the limited nature of the motion in limine. The motion in limine challenged two grounds. Number one, that the convictions were not probative of truthfulness. That's the only argument that's made as to probativeness. The second argument that was raised... That admissibility was not raised? Admissibility, of course. As you pointed out, Your Honor, was the essence of the motion. So that I'm not wrong. That there was an objection to the admissibility of the evidence. Because if I'm wrong about that, I need to know in order to rule on this case. I'm not disputing that, Your Honor. What I'm contending here is there's issues that were not adequately preserved that are now being argued on appeal. No, my comment goes to your answer to Judge Moritz's question. She said, was there an objection? You said no. No, I didn't. I was asking about... I thought you were suggesting that there was an objection to the relevance of the context. And if I'm understanding you correctly, you're saying no, the objection was to... It's not probative of truthfulness. That was the basis for the objection. But they didn't argue it's not relevant at all. It's not relevant as to the context of why there was an arrest in the first place. That's what I was trying to clarify. I'm sorry I didn't make that clear. And that's how I answered your question, Your Honor. And the issues with the probativeness of the evidence, we argued in addition to it providing general context to the arrest. You don't have the arrest warrant without the convictions. You don't have the detective doing his own investigation and running a criminal history without the convictions. You don't have the threat made by the counter-conductor. Yes, counsel, but the jury could have been told that there was an arrest warrant out for him. That the purpose or the reason for the arrest warrant was not before them and they were not to go into that. That's all it took. The ruling didn't have to go further and say, well, but the reason is because he was convicted more than 10 years ago of two felonies. That's my point. And as the motion in limine and our objection to the motion in limine, I hope made clear, we weren't simply arguing context here. One of the allegations of the excessive force, which was in the first amended complaint and argued all the way through, was that the use of the assault rifles, pointing the assault rifles at Mr. Young, constituted excessive force. He also argued that the damages that were related to that caused him severe emotional distress. That's another reason why the evidence was probative and we argued in our motion in limine. It was the prior convictions which played a significant role in the threat matrix, the development of the SWAT team. Officers Brown and Stevens aren't even there if there's no need for a SWAT team. And as a high risk felony stop, which was necessitated in this particular arrest, the officers were required to point their assault rifles at Mr. Young. That was a component of his excessive force claim. Clearly probative and clearly relevant. This was high risk not because of the fact that, from the prior convictions, but because you thought he possessed a gun? Is that? Both. Because the convictions were open. One was for trespass, one was for... The record is not admittedly very clear on that. Why was this a high risk felony arrest? When the detective got the case from the officer that did the welfare check and saw the firearm and saw the sword or dagger, he ran a criminal history. And then from that criminal history, coupled with the fact that this was someone who was a prior felon that was seen to be with a weapon, which was a felony, they conduct what's called a threat matrix. And a component of that threat matrix is criminal history. And they add those, they tally those numbers up, they give a severity to each column, they tally those numbers up, and at the end of the day, they decide do they need the SWAT team. And if they need the SWAT team, based on those categories of risk to officer safety, then they do a high risk felony stop. Which is what was done in this case. The Graham vs. Connor, it was never argued at the lower court that the prior convictions had absolutely no relevance to the Graham vs. Connor factors. As a matter of fact, Mr. Young submitted a jury instruction with the Graham factors. Didn't object at the charging conference when the Graham factors were being discussed as part of a jury instruction. And the first component of Graham is severity of the crime. Here the crime was possession of a weapon by a previous offender. In Colorado, previous offender means a felon. There's no other component to that statute that would result in that individual being classified as a previous offender. Why did the jury need to know all of this? What the jury, what the facts were, is this guy's girlfriend calls and says, would you do a safety check on my roommate, my boyfriend, I haven't seen him for a while. Correct? Yes, your honor. And so they check the apartment and they find some swords. Or they saw some swords. They see him with a large dagger in his hand and they subsequently then see him reaching a firearm in his waistband. But I mean, initially, did they see swords? They saw what they believed to be a large knife. And then when they did the follow up search warrant, they found swords. Okay. And at that point, what more did they know? They saw, did they see him at that time? Yes, your honor. And where was he when they saw him? He was in his windows, a large bay window next to his front door. That they could see him from outside looking in. And he was sitting there holding a knife? He had a knife when they first approached. He disappeared. The knife was gone. He came back into view and at that point, Officer Sue Sauter saw him with a firearm tucked into his waistband. She then retreated. She had a recruit with her. She retreated. Went back to the police department. Ran a criminal history on Mr. Young because she had prior history with him. And her testimony about being fearful of Mr. Young was something that was offered at trial. She felt as if he was going to slap her when he saw her. That was not objected to at trial. And that was admitted. And that's not the subject of this appeal. No, but I think it goes to the fact that there was other, much more significant evidence that one could argue that was prejudicial towards Mr. Young that was never objected to at trial. But that's not for consideration for us today. Is it? If we're looking at 609, Your Honor, and we're talking about evidence that is relevant evidence, approbative evidence that's substantially outweighed by prejudice, I think what Plaintiff did at trial significantly detracts from the argument that these felony convictions were so prejudicial. Plaintiff himself referenced them in his opening statement. Plaintiff himself offered this in a statement of the case. Plaintiff himself offered exhibits, two exhibits, Exhibit 11 and Exhibit 30, in order to impeach witnesses on cross-examination. Both of those exhibits contain a reference to him being a convicted felon. The second exhibit, Exhibit 30, which we did append to our supplemental appendix, is the police report from Detective Musselman, which identifies in there his threat matrix evaluation, discusses the prior felony convictions, discusses prior police contact with the plaintiff, to include him threatening his physicians, threatening police officers in the past, and most significantly, a report where police responded where he was threatening his girlfriend by chasing around the house with a sword and threatening to cut her throat and kill her cat. These were things that were offered by the plaintiff that came into evidence as the jury heard. So if we're comparing prejudicial effect of these two prior convictions to the evidence later offered by plaintiff, it's insignificant. So you're saying if error, it's harmless? I'm saying if error, it's harmless. We're also saying these objections now being raised were not adequately preserved, and we're also saying waiver. In opening statement, I understand the argument that it was the court that read the statement of the case that included the convictions, and we don't dispute that. But again, a statement of the case by plaintiff was submitted in advance of that. But that's not in the record. You submitted that, but that's not in our record. We don't have a file stand copy. Assuming we can't use that, do you concede that the court's reading of it seems to be the first way it came in? I would suggest in terms of waiver, there is case law from this circuit that says, as I mentioned earlier, typically because the court rules on a motion of limine, you can't use it, and the trial tactic is that you end up using it. It can still be a waiver. There's also case law from this circuit that would say that using that evidence in opening statement, even though there's been a prior ruling on a motion of limine, would constitute waiver. I couldn't find any cases, though, like this where you have a district court in the opening statement explaining that there's these two prior felony convictions, not in the opening statement but in a statement to the jury preceding the opening statement. I haven't seen anything like that. And I don't find it unique that judges, at least in the District of Colorado, will read a statement of the general facts of the case to the jury prior to or after voir dire. Thank you. Thank you, counsel. Your Honors, I'd like to just briefly deal with that waiver argument. The standard is not if you talk about it, you've waived it. The standard is if you are the first to talk about it, you've waived it. And as a principle of effective advocacy, you have to deal with bad evidence. And as Your Honor said, Judge Lucero, once that's in, you've got to deal with it. There's no other option. You have to deal with it. You have to explain to the jury what's going on. You have to deal with it in some way. But what about the other aspects of counsel's argument? He says, forget that. You're dealing here with a bad hombre that the jury had to know about in order that evidence, of course it's not before us, but he says you brought in all kinds of additional stuff. And that's a great point. That was the next point I was going to get to. Counsel said that having assault rifles pointed at Michael during this high-risk felony stop was a part of Michael's claims. It was not. During the jury trial, Michael did not argue that. And rightfully so. The police acted reasonably up until that point. Again, made no argument of that. So this all comes down to the probativeness of this evidence. Because I don't think there's any question that it was unfairly prejudicial. The probativeness is it doesn't go towards credibility. In their own brief... He says you limited your objection at the motion in limine to credibility and not prejudice. And I don't think that's accurate. Is the record of the in limine hearing before us? Yes, the record is included in our appendix. Thank you. And just very briefly, if I could finish my last thought. Go ahead. Thank you. And so what it comes down to is the only issue that this was actually offered for was context. And as your Honor, Judge Nacero said, this was unnecessary context. All the jury had to know that there was a warrant. Thank you, counsel. Thank you both for your arguments. The case is submitted. We'll take a ten-minute recess at this time. When we return, we'll hear the case of Scarlett v. Air Methods Corporation.